UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID ANTHONY LEE MARSHALL,<br><br>Defendant. | 3:10-CR-30017-RAL<br><br>OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |
|---|---|

Defendant David Anthony Lee Marshall filed a motion for appointment of counsel to assist in making a compassionate release motion to the Court. Doc. 54. Marshall's pro se motion was construed as a motion for compassionate release pursuant to the Amended Standing Order 20-06.[1] His case was categorized as Low Priority on November 12, 2020. Doc. 55. On November 30, 2020, the Federal Public Defender for the Districts of South Dakota and North Dakota (FPD) docketed a notice of intent not to supplement Marshall's motion. The United States opposed the motion. Doc. 57. On February 4, 2021, Marshall filed a second motion for appointment of counsel. Doc. 60. On March 5, 2021, Marshall submitted a reply brief in support of compassionate release. Doc. 61. A letter of support was subsequently submitted on his behalf. Doc. 62. For the following reasons, this Court denies Marshall's motion for compassionate release and request to appoint counsel.

---

[1] See https://www.sdd.uscourts.gov/socraa (ASO 20-06). Pursuant to ASO 20-06, the Federal Public Defender for the Districts of South Dakota and North Dakota (FPD) is appointed to represent all defendants in criminal cases who were previously entitled to court appointed counsel, are now indigent, and are eligible to seek compassionate release. See ASO 20-06 ¶1. The FPD was automatically appointed to represent Marshall pursuant to ASO 20-06. In further keeping with the Amended Standing Order, the FPD opted not to submit supplemental briefing on Marshall's motion because his case was categorized as Low Priority. See id. ¶ 8.

1

## I. Background

On August 16, 2010, Marshall pleaded guilty to aggravated sexual abuse of a child in violation of 18 U.S.C. §§ 1153, 2241(c), 2246(2)(D). Docs. 27, 33. On November 8, 2010, this Court held a sentencing hearing in Marshall's case and imposed a custody sentence of 180 months followed by five years of supervised release. Docs. 47, 49 at 2-3. Marshall's conviction resulted from the sexual abuse of his adopted daughter. Doc. 30 at 1-2; Presentence Report[2] (PSR) ¶¶ 9-10. The abuse started when the victim was nine years old and continued for several years. Id. ¶ 10, 32-39. Marshall's victim gave a detailed and graphic account of multiple instances of sexual abuse occurring inside the family home, in a shed on the property, in a vehicle, and on family trips. See id.

Marshall's conduct was brought to the attention of law enforcement in early 2010, when the victim was 16 years old. Id. ¶¶ 9-10. She was taken into protective care by the South Dakota Department of Social Services and placed in a residential behavioral treatment center. Id. ¶ 12. During her time there, the victim had flashbacks and anxiety about the sexual abuse, which triggered physical outbursts. Id. She was sometimes medicated to control the outbursts while she developed other coping mechanisms to work through her feelings. Id.

Under the sentencing guidelines, Marshall's base offense level was 30. Id. ¶ 20. The base offense level was increased by four levels because the victim was under the age of 12 when the abuse began. Id. ¶ 22. Another two levels were added for the victim being in Marshall's custody, care, and supervisory control. Id. ¶ 23. A five-level enhancement applied based on Marshall's pattern of sexual abuse of his victim. Id. ¶ 30. After applying an offense level reduction for

---

[2] The Presentence Report is not on file with the Clerk of Court due to the sensitive nature of the information disclosed therein. This Court has conducted a detailed review of the report.

Marshall's acceptance of responsibility, the total offense level was 38.[3] See PSR ¶¶ 20-31. Marshall fell into criminal history category I. Id. ¶ 44. Based on a total offense level of 38 and criminal history category I, Marshall's advisory guideline range was 235 to 293 months in custody. This Court granted the defendant's motion for a downward variance for reasons announced during the sentencing. Docs. 44, 48. Marshall was sentenced to 180 months incarceration followed by five years of supervised release. Doc. 49 at 2-3.

Marshall is currently incarcerated at FCI Ashland, a low security correctional institution in Ashland, Kentucky. Doc. 54 at 1; see also Find an Inmate, Fed. Bureau of Prisons, htttps://www.bop.gov/inmateloc/ (last visited Mar. 10, 2021). Marshall has served approximately 80% of his sentence. Doc. 56 at 167. His projected release date is June 8, 2023, and under his current status in the Bureau of Prisons (BOP), Marshall is eligible for home detention on December 8, 2022. Id. at 168. Marshall is 60 years old. Id. at 167.

In early 2020, a novel coronavirus, COVID-19, quickly spread across the United States and infiltrated correctional institutions. The Centers for Disease Control and Prevention (CDC) has identified certain underlying health conditions that put individuals at higher risk for a severe form of the illness if they contract the disease. Among those at higher risk are individuals with cancer, chronic kidney disease, obesity, serious heart conditions, sickle cell disease, Type 2 diabetes, and several others. See People with Certain Medical Conditions, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Mar. 15, 2021).

---

[3] This Court declined to apply a two-level adjustment for obstruction of justice at sentencing as the presentence investigation writer had suggested. See id. ¶ 26; Doc. 47 at 2.

In a supplemental filing, Marshall states he is seeking compassionate release based on the risk of COVID-19 and the conditions of his confinement at FCI Ashland. Doc. 61 at 2-4. Marshall does not claim to have any medical conditions that increase his risk of severe illness from COVID-19, but has generalized concerns about his ability to remain safe from the virus while incarcerated. Id. He reports FCI Ashland's infection rate is much higher than the general population. Id. at 2. Marshall additionally requests this Court to consider his extensive rehabilitation efforts and the length of time he has already served in custody. Id. at 12; see also Doc. 61-1 at 1-2. If released, Marshall intends to live with his sister near Mission, South Dakota, and care for his elderly mother. Doc. 61-1 at 1-2.

## II.  Legal Standard

Generally, a "court may not modify a term of imprisonment once it has been imposed," except in a few, narrow circumstances. 18 U.S.C. § 3582(c). The compassionate release statute as amended by the First Step Act of 2018 provides one of those narrow avenues through which a sentence may be modified. The compassionate release statute provides in pertinent part that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)   extraordinary and compelling reasons warrant such a reduction; ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). "The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence." United States v. Loggins, 966 F.3d 891, 892 (8th Cir. 2020). Ultimately, the defendant bears the burden of establishing that a sentence reduction is warranted. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

### III. Discussion

Marshall submitted an administrative request for compassionate release to the warden of his institution on October 28, 2020. Doc. 61-1 at 4. The warden denied the request on November 2, 2020. Id. Marshall appealed the denial to the regional administrative remedy coordinator on January 20, 2021. Id. at 6. This appeal is still pending before the regional office. Id. Because more than 30 days have elapsed since Marshall submitted his appeal, this Court concludes it may entertain Marshall's motion directly.

In determining whether compassionate release is justified, this Court must consider the sentencing factors in 18 U.S.C. § 3553(a), determine whether "extraordinary and compelling reasons" warrant a sentence reduction, and evaluate whether a sentence reduction is consistent with the Sentencing Commission's applicable policy statements. See 18 U.S.C. § 3582(c). In conducting its analysis on compassionate release motions, this Court typically begins by considering the applicable § 3553(a) sentencing factors. In this case, however, this Court begins with Marshall's claimed "extraordinary and compelling reasons" for compassionate release.

Congress directed the Sentencing Commission to describe and provide examples of what constitutes "extraordinary and compelling" reasons with respect to the compassionate release statute. 28 U.S.C. 994(t). The Sentencing Commission provided such examples in the commentary to United States Sentencing Guideline § 1B1.13. Those reasons include the defendant's terminal illness or debilitating physical or mental condition, the defendant's advanced

5

age in combination with the proportion of his sentence served, and certain family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). The Sentencing Commission also included a "catch all" provision which allows one to find "extraordinary and compelling" reasons other than those specifically listed "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. n.1(D).

Since the First Step Act was passed, the Sentencing Commission has not updated its policy statement because it has lacked a quorum. As a result, district courts have questioned whether the policy statement still applies and whether courts may consider other "extraordinary and compelling" reasons under the "catch all" provision. See United States v. Mondaca, No. 89-CR-0655 DMS, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020) (discussing the discord among district courts); United States v. Spears, No. 98-0208-SI-22, 2019 WL 5190877, at *3 (D. Or. Oct. 15, 2019) (same); United States v. Brown, 411 F. Supp. 3d 446, 449–50 (S.D. Iowa 2019) (same). Many district courts have concluded that the discretion given to the Director of the BOP by the Sentencing Commission extends to federal judges and allows them to consider "extraordinary and compelling reason[s] other than" those specifically described. United States v. Condon, 458 F. Supp. 3d 1114, 1118 (D.N.D. 2020) (listing cases that found federal judges may apply the "catch all" provision of U.S.S.G. § 1B1.13 comment note 1(D)). The United States Court of Appeals for the Eighth Circuit has not yet addressed this issue. See Loggins, 966 F.3d at 892; and United States v. Rodd, 966 F.3d 740 (8th Cir. 2020).

Based upon his contentions, this Court examines Marshall's pro se motion for compassionate release under the "catch-all" provision of U.S.S.G. § 1B1.13 comment note 1(D). Marshall does not claim to have a terminal illness or a debilitating physical or mental health condition, nor does he meet the advanced age requirement for consideration under U.S.S.G. §

6

1B1.13, comment notes 1(A)-(B). Marshall's desire to be released to care for his elderly mother does not fall within either comment note 1(C)(i) for the care of the defendant's minor child or comment note 1(C)(ii) for care of an incapacitated spouse. While Marshall's desire to care for his mother is commendable, it does not justify release under the applicable comment notes.

This Court has conducted a detailed review of Marshall's medical records on file in this case. His current conditions include headache, dental issues, and unspecified pain. Doc. 56 at 2, 8. Marshall is not prescribed any medications. Id. at 26. He was most recently seen in March 2017 for toothache, and in February 2017 for pain while urinating. Id. at 108, 111. Overall, the medical records reflect that Marshall is generally healthy and has rarely sought medical attention. See generally Doc. 56.

The COVID-19 pandemic has impacted this country in extraordinary ways. However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). This Court is familiar with the precautions implemented by the BOP to protect inmates from COVID-19. See BOP Implementing Modified Operations, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Mar. 16, 2021). No measures are 100% effective, and COVID-19 continues to be a health concern in correctional institutions as well as in the general public.

Marshall is currently incarcerated at FCI Ashland. FCI Ashland currently has zero active inmate infections of COVID-19 and six active COVID-19 cases among staff; 333 inmates and 63 staff have recovered from the illness, and the facility has reported six inmate deaths. See BOP: COVID-19 Update, https://www.bop.gov/coronavirus/ (last visited Mar. 16, 2021). The total

7

population at FCI Ashland is currently 956 persons. https://www.bop.gov/locations/institutions/ash (last visited Mar. 16, 2021). Assuming a static population, this means that 35% of the inmates at FCI Ashland have contracted COVID-19, and of those contracting the illness fewer than 2% have died as a result. FCI Ashland appears to be taking appropriate measures to treat and care for inmates who contract COVID-19.

Recently, the BOP has implemented a COVID-19 vaccination program to protect inmates and staff from the virus and limit its transmission. Id. (last visited Mar. 16, 2021). As of March 16, 2021, 80,973 doses have been administered systemwide. Id. These numbers are increasing daily. At FCI Ashland, 120 staff and 100 inmates have been fully inoculated as of March 16, 2021. See Learn More About Vaccinations and View Individual Facility Stats, https://www.bop.gov/coronavirus/ (last visited Mar. 10, 2021). According to the BOP, those inmates who wish to receive the vaccine will have an opportunity to do so, but

> [w]hen an institution receives an allocation of the vaccine, it is first offered to full-time staff at that location, given that staff - who come and go between the facility and the community - present a higher potential vector for COVID-19 transmission. Vaccinating staff protects fellow staff, inmates at the facility, and the community.

Id.

Marshall has served approximately 80% of his 180-month sentence. The Court commends Marshall for the work he is doing while incarcerated to rehabilitate himself and provide chaplain support to his fellow inmates. Nevertheless, these activities, though laudable, do not justify a reduction in sentence. See U.S.S.G. § 1B1.13 cmt. n.3 (providing rehabilitation by itself is not an extraordinary and compelling reason for compassionate release). Marshall's offense was solely for his own sexual gratification and was harmful and destructive to a young girl whom he was entrusted to care for and protect. This Court already granted Marshall a downward variance from the guideline range at the time of sentencing. An additional reduction is unwarranted.

The original sentence was chosen with care, considering the nature and circumstances of Marshall's offense, Marshall's history and characteristics, his and his community's needs and all of the other applicable 3553(a) sentencing factors. A reduction in his sentence would not reflect the seriousness of the offense, promote respect for law, or provide just punishment. Despite the risks posed by COVID-19, this Court does not find "extraordinary and compelling reasons" to justify compassionate release under the First Step Act.

IV. **Conclusion and Order**

Therefore, it is hereby

ORDERED that Marshall's motion for compassionate release, Doc. 54, and motion for appointment of counsel, Doc. 60, are denied.

DATED this 17th day of March, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

9